I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's Opinion and Award. I agree with the Deputy Commissioner that plaintiff's current left shoulder condition is causally related to the compensable injury by accident and that plaintiff is entitled to continuing total disability compensation. I would affirm the decision of the Deputy Commissioner.
Plaintiff was able to continue working for defendant-employer until August 2003 but was only aggravating his condition. He missed more and more work and required more assistance on the job due to his shoulder condition. In August 2003, he also underwent heart surgery, which aggravated plaintiff's chronic and already disabling shoulder condition. Although he recovered from the heart surgery, plaintiff was no longer able to compensate for the lack of function in his left arm and was disabled from any employment. It is my opinion that the greater weight of the evidence shows that plaintiff's current disability is causally related to the compensable injury by accident on January 18, 2000.
Plaintiff's treating physician, Dr. John Guisto, stated that plaintiff's chronic pain syndrome and nerve hypersensitivity from his shoulder condition prevents him from working. Although he is technically still employed by defendants, plaintiff is unable to perform his regular job duties. Even without the cardiac condition, Dr. Guisto believed that plaintiff was unable to be employed in any job because it was unlikely he could work eight hours a day, five days a week, given his history of pain and deconditioning. Dr. Guisto also stated that plaintiff needed *Page 14 
some type of work conditioning program. When asked about plaintiff's ability to work since late 2003 after the heart surgery, Dr. Guisto explained as follows:
 "His ability to work has not changed. Now, the condition is no longer an acute exacerbation of his underlying pain due to the heart surgery. It has just become his chronic state. Once he was in a situation working where he was sort of barely compensating for it, and it is demonstrated by going over the record that he was sort of getting worse.
 Then the heart surgery and the aggravation and . . . he is not able to ever go back. That is not uncommon with the chronic pain in general, especially if you are doing a lot of physical activity, that once you get out of the situation, you are really not able to. . . go back. You realize how much pain you were going through, and you have lost some of the conditioning. You were only surviving on conditioning and — and grit, and you can't go back. It just doesn't work."
The greater weight of the expert medical evidence shows that as the result of the admittedly compensable injury by accident, plaintiff is physically incapable of work in any employment and therefore is entitled to continuing total disability compensation. Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993).
For the foregoing reasons, I must respectfully dissent from the majority in this case.
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1